BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP
TIMOTHY A. DELANGE   (Bar No. 190768)
(timothyd@blbglaw.com)
BRETT M. MIDDLETON   (Bar No. 199427)
(brettm@blbglaw.com)
JOSEPH W. GOODMAN   (Bar No. 230161)
(joseph.goodman@blbglaw.com)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
   -and-
CHAD JOHNSON
(chad@blbglaw.com)
JAI K. CHANDRASEKHAR
(jai@blbglaw.com)
1285 Avenue of the Americas
New York, NY 10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444

*Attorneys for Plaintiff*
*Sealink Funding Limited*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx)<br><br>**DECLARATION OF MICHAEL NEISES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Courtroom: 12<br>Judge:   Hon. Mariana R. Pfaelzer |
| SEALINK FUNDING LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, *et al.*,<br><br>Defendants. | Case No. 11-CV-08896-MRP (MANx) |

I, Michael Neises, certify and declare as follows:

1. I am currently a partner of the law firm of Berger, Steck & Kollegen Rechtsanwaltsgesellschaft Steuerberatungsgesellschaft mbH in Frankfurt / Main, Germany. I am a member of the bar in Frankfurt. I practice German law with a particular focus on finance, investment, corporate and civil law.

2. In connection with the litigation of *Sealink Funding Limited v. Countrywide Financial Corporation, et al.* (Case No. 11-CV-08896-MRP (MANx)) I have been provided with the declaration of Thomas M. Buhl in support of the motion to dismiss (the "Buhl Declaration"). I confirm that I have read the Declaration.

3. I confirm that the general outline of the statute of limitations for general contractual and tort claims under German civil law in the Buhl Declaration is correct. I furthermore confirm that the wording of the German regulation under of Section 195 and Section 199 German Civil Code cited in the Buhl Declaration is correct and in force as of the date thereof and that the provided English translation of the legislative text is identical to the translation officially provided by the German Federal Department of Justice.

4. Notwithstanding the above, the Buhl Declaration does not contain substantive statements in respect to the required knowledge of the circumstances that give rise to a claim which are necessary for the commencement of the limitation period according to Section 199 para. 1 no. 2 German Civil Code as correctly set out in the Declaration.

5. According to various respective rulings of the German High Court for civil law ("BGH"), a plaintiff has sufficient knowledge of the circumstances that give rise to the claim and of the liable person at that moment when he can be expected, due to his factual knowledge, to file a law suit which has a reasonable

chance of success.[1] Generally, knowledge of the actual circumstances is required and sufficient; the correct legal assessment of the factual circumstances is generally not required.[2] But if the legal situation is unclear and problematic in a way that even a legally skilled third person cannot reliably assess the legal situation or legal outcome, the start of the limitation period is to be postponed due to the lack of knowledge of the legal facts.[3] Under German civil law, the required knowledge of the actual circumstances is a factual question to be determined based on the facts and circumstances.[4]

6. Furthermore, according to the ruling of the German High Court for civil law each breach of duty which causes damages and adds these damages to the total damage is seen as a new damaging behavior and starts its own limitation period.[5] Therefore, if there are several distinct breaches of duty, a limitation period for each breach of duty is to be defined.[6] These limitation periods might start at different times depending on the time the damaging behaviors occurred and on the knowledge of the factual circumstances by a plaintiff.[7]

7. I express no views other than on the laws of the Federal Republic of Germany.

---

[1] BGH, in: NJW 2008, 506, 507; BGH, in: NJW-RR 2005, 1148, 1149; BGH, in: NVwZ 2003, 1549; BGH, in: NJW 1998, 2051, 2052.
[2] BGH, in: NJW 1998, 2051, 2052; BGH, in: NJW 2002, 1793, 1797; BGH, in: NJW 1999, 2041, 2042.
[3] BGH, Urteil vom 9.6.1952 – III ZR 128/51, in: BeckRS 1952; BGH, in: NJW 1998, 2051, 2052; BGH, in: NJW 2005, 429, 433.
[4] BGH, in: NJW 1996, 117, 118.
[5] BGH, in: NJW 1978, 1377, 1378.
[6] BGH, in: NJW 1986, 2309, 2311f.
[7] BGH, in: NJW 1986, 2827, 2829; BGH, in: NJW 2008, 506, 507.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8.   I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and that this declaration was executed in Frankfurt, Germany on this 13th day of January 2012.

_____
Michael Neises