Brian E. Pastuszenski (*pro hac vice*)
bpastuszenski@goodwinprocter.com
Inez Friedman-Boyce (*pro hac vice*)
ifriedmanboyce@goodwinprocter.com
Brian C. Devine (SBN 222240)
bdevine@goodwinprocter.com
Adam Slutsky (*pro hac vice*)
aslutsky@goodwinprocter.com
**GOODWIN PROCTER** LLP
Exchange Place
Boston, MA 02109-2802
Tel.:  617-570-1000
Fax:  617-570-1231

Lloyd Winawer (SBN 157823)
lwinawer@goodwinprocter.com
**GOODWIN PROCTER** LLP
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.:  213-426-2500
Fax:  213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Home Loans, Inc., Countrywide
Securities Corporation, CWALT, Inc.,
CWABS, Inc., and CWHEQ, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No.  11-ML-02265-MRP (MANx)<br><br>**MEMORANDUM IN SUPPORT OF COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS SEALINK'S AMENDED COMPLAINT**<br><br>Date/Time:  June 11, 2012, 11:00 a.m.<br>Courtroom:  12<br>Judge:       Hon. Mariana R. Pfaelzer |
| SEALINK FUNDING LIMITED,<br><br>            Plaintiff,<br><br>            v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>            Defendants. | Case No.  11-CV-08896-MRP (MANx) |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS .................................................................... 2

ARGUMENT ........................................................................................ 4

    I.     SEALINK LACKS STANDING BECAUSE THE SPVs DID NOT INCUR A LEGALLY COGNIZABLE INJURY ........................ 4

    II.    THE NEGLIGENT MISREPRESENTATION CLAIM (COUNT IV) IS BARRED UNDER NEW YORK'S STATUTE OF LIMITATIONS. ............................................................................. 7

CONCLUSION .................................................................................... 8

1

2

# <u>TABLE OF AUTHORITIES</u>

3

CASES                                                                                        Page(s)

4

*Aimis Art Corp. v. N. Trust Sec., Inc.*,

5           641 F. Supp. 2d 314 (S.D.N.Y. 2009).................................................................6

6

*Am. Fidelity Assurance Co. v. Countrywide Fin. Corp.*,

7           No. 11-cv-07167, slip op. (C.D. Cal. Mar. 9, 2012) ..........................................7

8       *Ambassador Ins. Co. v. Euclid*,

9           No. 80 Civ 1235, 1984 WL 341 (S.D.N.Y. May 24, 1984) ...............................7

10      *Berg v. First State Ins. Co.*,

            915 F.2d 460 (9th Cir. 1990) ..............................................................................6

11

12      *Bullfrog Films, Inc. v. Wick*,

            847 F.2d 502 (9th Cir. 1988) ..............................................................................4

13

14      *Cafasso, U.S. ex. rel. v. Gen. Dynamics C4 Sys., Inc.*,

            637 F.3d 1047 (9th Cir. 2011) .............................................................................9

15

16      *Colon v. Banco Popular N. Am.*,

            59 A.D.3d 300 (N.Y. App. Div. 1st Dep't 2009) ................................................7

17

18      *First Nationwide Bank v. Gelt Funding Corp.*,

            27 F.3d 763 (2d Cir. 1994) ..............................................................................5, 6

19

20      *Global Fin. Corp. v. Triarc Corp.*,

            93 N.Y.2d 525 (1999)..........................................................................................7

21

22      *HSBC Bank USA v. Bond, Schoeneck & King, PLLC*,

            16 Misc. 3d 813 (N.Y. Sup. Ct. 2007).................................................................7

23      *In re UBS Auction Rate Sec. Litig.*,

24          No. 08 Civ 2967, 2009 WL 860812 (S.D.N.Y. Mar. 30, 2009)................*passim*

25      *Lama Holding Co. v. Smith Barney Inc.*,

            88 N.Y.2d 413 (1996)..........................................................................................5

26

27      *Me. State Ret. Sys. v. Countrywide Fin. Corp.*,

            722 F. Supp. 2d 1157 (C.D. Cal. 2010)...............................................................4

28

*Reilly Green Mountain Platform Tennis v. Cortese*,
    No. 12795/06, 2007 WL 7263362 (N.Y. Sup. Ct. Nov. 14, 2007) .................7, 8

*Renee v. Duncan*,
    623 F.3d 787 (9th Cir. 2010) ................................................................3

*Sealink Funding Ltd. v. Countrywide Fin. Corp.*,
    No. 11-cv-08896, slip op. (C.D. Cal. Mar. 9, 2012) ..................................*passim*

*Siemers v. Wells Fargo & Co.*,
    No. C 05-04518, 2006 WL 3041090 (N.D. Cal. Oct. 24, 2006) .........................4

*Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd*,
    383 F. Supp. 2d 428 (S.D.N.Y. 2003) ..................................................5

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    802 F. Supp. 2d 1125 (C.D. Cal. 2011) ................................................8

STATUTES

N.Y.C.P.L.R. § 202........................................................................7

N.Y.C.P.L.R. § 214(4) ....................................................................7

1      Defendants Countrywide Financial Corporation, Countrywide Home Loans,

2  Inc., Countrywide Securities Corporation, CWALT, Inc., CWABS, Inc., and

3  CWHEQ, Inc. respectfully submit this memorandum in support of their motion to

4  dismiss Sealink's Amended Complaint.[1]

5                        **PRELIMINARY STATEMENT**

6      When this Court dismissed the original complaint in this matter, it noted that

7  plaintiff Sealink Funding Limited "makes the standing inquiry needlessly opaque by

8  conflating Sealink and the SPVs" that had assigned the MBS at issue to Sealink.[2]

9  *Sealink Funding Ltd. v. Countrywide Fin. Corp.*, No. 11-cv-08896, slip op. at 22-23

10  (C.D. Cal. Mar. 9, 2012) (Dkt. No. 60).  The Amended Complaint now makes clear

11  why Sealink conflated these entities—when the SPVs assigned their MBS to

12  Sealink, the SPVs received payment in full of the purchase price they paid for these

13  securities.  Because Sealink's standing in this case derives from the standing of the

14  SPVs that assigned Sealink the MBS, and because the SPVs themselves incurred no

15  legally cognizable injury giving rise to standing, this case must be dismissed in its

16  entirety, with prejudice.

17      More specifically, this Court dismissed the original complaint based on

18  Sealink's lack of standing because "nothing in the record supports any inference that

---

19  [1] Under this Court's April 18, 2012 Order, this memorandum addresses only
20  grounds for dismissal "based on standing, jurisdiction, venue, and/or the applicable
      statutes of limitations and repose."  Dkt. No. 66.  The Countrywide Defendants
21  reserve their right to move to dismiss on all other grounds if any of Sealink's claims
      survive this motion.

22  [2] This memorandum refers to (i) plaintiff Sealink Funding Limited as "Sealink"; (ii)
      the amended complaint as the "Amended Complaint" or "Am. Compl."; (iii)
23  Sachsen LB Europe Plc. as "Sachsen Europe"; (iv) Ormond Quay Funding Plc.,
      Eden Quay Asset Management Ltd., Ellis Quay Asset Management Ltd., Merchants
24  Quay Asset Management Ltd., and Sachsen Funding I Ltd., collectively, as the
      "Irish SPVs"; (v) the three Castleview Asset Management Ltd. entities identified in
25  Paragraphs 14–16 of the Amended Complaint, collectively, as the "Cayman SPVs";
      (vi) the Irish SPVs and Cayman SPVs, together, as the "SPVs"; (vii) Defendants
26  Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide
      Securities Corporation, CWALT, Inc., CWABS, Inc., and CWHEQ, Inc.,
27  collectively, as the "Countrywide Defendants"; and (viii) the mortgage-backed
      securities identified in Paragraph 32 of the Amended Complaint as the "MBS" or
28  "Certificates."

1   the SPVs suffered a legally cognizable injury," including neither (i) the original

2   complaint (which did "not allege that any Certificate failed to make a payment

3   before June 2008," when "[a]ny possibility of the SPVs' injury ended"), nor (ii) the

4   Sale and Purchase Agreements (the "SPAs") through which Sealink acquired the

5   MBS (which "seem to indicate that the SPVs received full value for the

6   Certificates"). *Sealink*, slip op. at 22-23.  The Amended Complaint fails for the

7   same reasons.  It concedes that the SPVs received the ***full value*** for those

8   Certificates:  "[t]he sales to Sealink were conducted at par value."  Am. Compl. ¶

9   39.  Because the SPVs' receipt of par value for the MBS "returned [them] to the

10  position they were in before they purchased" the MBS, their "out-of-pocket

11  damages are necessarily zero" and Sealink cannot stand in their shoes to pursue any

12  legally cognizable damages.  *In re UBS Auction Rate Sec. Litig.*, No. 08 Civ. 2967,

13  2009 WL 860812, at *5 (S.D.N.Y. Mar. 30, 2009).  This lack of standing is

14  dispositive, and this case should be dismissed in its entirety and with prejudice.

15      A separate and independent reason for dismissal of Sealink's negligent

16  misrepresentation claim (Count IV) is that it is time-barred under New York's three-

17  year limitations period, which applies to negligence claims that—as here—do not

18  sound in fraud.  Because Sealink disclaims any fraud allegations with respect to its

19  negligent misrepresentation claim, Count IV is untimely because the Countrywide

20  Defendants' alleged misrepresentations occurred between 2005 and 2007—more

21  than three years before Sealink filed its original complaint in September 2011.

## STATEMENT OF FACTS

23      On March 9, 2012, this Court dismissed the original complaint because

24  Sealink did not adequately plead standing.  *Sealink*, slip op. at 23.  The complaint

25  had made "the standing inquiry needlessly opaque by conflating Sealink and the

26  SPVs," without clearly delineating whether Sealink had standing to sue on its own

27  behalf or derivatively on behalf of the SPVs.  *Id.* at 22-23.  The Amended Complaint

28  confirms that Sealink's claims are derivative:  "Plaintiff asserts *claims of the*

*special-purpose vehicles ('SPVs')* that purchased approximately \$1.6 billion in 31 RMBS securities issued in 30 RMBS offerings between 2005 and 2007."[3] Am. Compl. ¶ 2 (emphasis added).

In its order dismissing this case, the Court instructed Sealink to explain in any amended complaint: "(i) on what basis it argues that the SPVs assigned it their legal rights[4] and (ii) on what basis it argues that the SPVs have suffered an injury." *Sealink*, slip op. at 23. Sealink alleges that Sachsen Europe created SPVs to facilitate purchases of asset-backed securities, including the five "Irish SPVs" referenced in the Amended Complaint that "were the initial purchasers of the Certificates at issue." Am. Compl. ¶ 12. The Irish SPVs allegedly purchased approximately \$1.6 billion of those Certificates between September 16, 2005 and June 28, 2007. *Id.* ¶ 32. When the Irish SPVs were "unable to refinance themselves" beginning in 2007, Sachsen Europe created three Cayman Islands-based SPVs, which "enabled independent repo financing to be conducted for the Irish SPVs' portfolios" and "enabled the Certificates to be transferred from the Irish SPVs at par value." *Id.* ¶¶ 35-36, 38.

In June 2008, the SPVs transferred their MBS portfolios to Sealink, which was to "receive, hold and manage" those portfolios. *Id.* ¶¶ 10, 39. "Any possibility of the SPVs' injury ended with that sale." *Sealink*, slip op. at 22. Like the earlier MBS transfers from the Irish SPVs to the Cayman SPVs, the SPVs' transfers to Sealink also "were conducted at par value." Am. Compl. ¶ 39. Thus, consistent with this Court's observation that the SPAs "seem to indicate that the SPVs received full value for the Certificates," *Sealink*, slip op. at 23, both the Irish SPVs and

---

[3] Subsidiaries of Countrywide Financial Corporation issued 23 of these MBS, while non-Countrywide entities issued the remaining eight. *See* Am. Compl. ¶ 32.

[4] Although the Countrywide Defendants do not at this time move to dismiss the Amended Complaint based on the SPVs' alleged assignment of legal rights to Sealink, the Countrywide Defendants reserve any rights they may have in this regard. *See, e.g., Renee v. Duncan*, 623 F.3d 787, 796 (9th Cir. 2010) (standing is "jurisdictional" and "may be raised at any time").

Cayman SPVs received par value for their MBS. The Amended Complaint does not allege that at the time Sealink acquired these MBS they had failed to make even a single required distribution of principal or interest.

## ARGUMENT

## I.    SEALINK LACKS STANDING BECAUSE THE SPVs DID NOT INCUR A LEGALLY COGNIZABLE INJURY.

This Court dismissed the original complaint because nothing in the record "support[ed] any inference that the SPVs suffered a legally cognizable injury." *Id.* at 23. A legally cognizable injury is required to establish standing, as this Court has recognized. *See Me. State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1163 (C.D. Cal. 2010) (requiring "injury in fact" to establish standing); *see also Siemers v. Wells Fargo & Co.*, No. C 05-04518, 2006 WL 3041090, at *7 (N.D. Cal. Oct. 24, 2006) (dismissing for lack of standing where "Plaintiff has not alleged any injury traceable to the challenged action of [defendant]") (internal citation omitted). Under Article III of the U.S. Constitution, a plaintiff has standing only if it can demonstrate an "injury in fact . . . by the showing of a pecuniary injury." *Bullfrog Films, Inc. v. Wick*, 847 F.2d 502, 506 (9th Cir. 1988).

Sealink, however, has not alleged facts sufficient to demonstrate that the SPVs incurred any pecuniary injury. Rather, its allegations affirmatively do just the opposite. Like the original complaint, the Amended Complaint "does not allege that any Certificate failed to make a payment before June 2008," when the SPVs transferred the Certificates to Sealink and at which point "[a]ny possibility of the SPVs' injury ended." *Sealink*, slip op. at 22-23. Instead, the Amended Complaint confirms that when the SPVs transferred the MBS *they received back payment in full of the purchase price they had paid when they acquired the MBS. See UBS*, 2009 WL 860812, at *5 (buyback of securities "at par value" is "a full refund of the purchase price").

More specifically, the Irish SPVs allegedly paid $1,626,641,000 when they originally acquired the MBS.  Am. Compl. ¶ 32.  Each later transfer of the MBS (from the Irish SPVs to the Caymans SPVs, and from the SPVs to Sealink) was at "par value"—*i.e.*, for full price.  The Complaint thus alleges that:

- "Establishing the Cayman SPVs enabled the Certificates to be transferred from the Irish SPVs ***at par value***."  *Id.* ¶ 36 (emphasis added).

- "All transfers from the Irish SPVs to the Cayman SPVs were ***at par value***."  *Id.* ¶ 38 (emphasis added).

- "[T]he RMBS held in the . . . SPVs' portfolios were sold to Sealink. . . . The sales to Sealink were conducted ***at par value***."  *Id.* ¶ 39 (emphasis added).

In other words, the SPVs received back the same $1,626,641,000 that they had paid to acquire the MBS and thus incurred no "actual pecuniary loss" (*i.e.*, out-of-pocket loss)—the "true measure of damage" for fraud under New York law.  *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 420-21 (1996) (damages equal "difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain") (internal citations and quotations omitted); *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 768 (2d Cir. 1994) ("[A]ny amount recovered by the [plaintiff] necessarily reduces the damages that can be claimed as a result of the fraud."); *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd*, 383 F. Supp. 2d 428, 457 (S.D.N.Y. 2003) ("[D]amages are to be calculated to compensate the plaintiffs for money they *actually* lost because of the fraud.") (emphasis added).  Here, the SPVs' "out-of-pocket damages are necessarily zero" because they received par value when they transferred the MBS.  *UBS*, 2009 WL 860812, at *5.

The *UBS* case is on point.  In *UBS*, plaintiffs who had alleged fraud in connection with their purchase of auction-rate securities ("ARS") received a

"repurchase of all ARS shares at par value,"[5] *id.* at *2, just as Sealink alleges here that the SPVs received par value when they transferred the MBS.  *See* Am. Compl. ¶¶ 36, 38-39.  And in *UBS*, the plaintiffs alleged that the market price of the ARS "failed to reflect a fair or just price . . . and was artificially inflated" at the time plaintiffs bought the ARS, 2009 WL 860812, at *4, just as Sealink alleges here "that the Irish SPVs paid more than the Certificate[s] were worth at the time of purchase." Am. Compl. ¶ 202.[6]  The *UBS* court held that plaintiffs could not plead legally cognizable damages and thus lacked standing:

> When Plaintiffs elected to have UBS buyback their ARS at par value, they received a full refund of the purchase price.  Therefore, Plaintiffs have already been returned to the position they were in before they purchased the ARS and before any fraud ensued . . . .  And though Plaintiffs allege that they "overpaid" for the ARS, the full refund they received certainly accounted for an inflated purchase price.

*UBS*, 2009 WL 860812, at *5-6 (holding that plaintiffs lacked standing because they did not adequately plead damages); *accord Aimis Art Corp. v. N. Trust Sec., Inc.*, 641 F. Supp. 2d 314, 320-21 (S.D.N.Y. 2009) (plaintiff lacked standing because it "received the par value of its investment in the auction rate securities funds in December 2008").

Because "the SPVs received full value for the Certificates," *Sealink*, slip. op. at 23, they could not have incurred out-of-pocket damages.  Sealink thus lacks

---

[5] Following the repurchase, the *UBS* plaintiffs had sought out-of-pocket damages under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.  *UBS*, 2009 WL 860812, at *4.

[6] The Amended Complaint likewise claims that "the prices the Irish SPVs paid for the Certificates were far in excess of their true value at the time of purchase," because those Certificates were "much riskier than disclosed to the Irish SPVs." Am. Compl. ¶¶ 35, 203.  This assertion is legally irrelevant.  The SPVs were made whole when they transferred the MBS for par value, and Sealink cannot allege actual injury "by simply claiming that [the SPVs] incurred additional risk of loss as a consequence of the fraud." *Gelt*, 27 F.3d at 768 (citing *Berg v. First State Ins. Co.*, 915 F.2d 460, 464-65 (9th Cir. 1990)).

1    standing to sue because its standing is derivative of the standing of the SPVs.  *Id.*

2    Sealink's claims must be dismissed.

3    **II.    THE NEGLIGENT MISREPRESENTATION CLAIM (COUNT IV) IS**

4    **BARRED UNDER NEW YORK'S STATUTE OF LIMITATIONS.**

5            This action was filed in New York state court and then removed, and the New

6    York borrowing statute (N.Y.C.P.L.R. § 202) thus applies.  *See, e.g.*, *Am. Fidelity*

7    *Assurance Co. v. Countrywide Fin. Corp.*, No. 11-cv-07167, slip op. at 11-12 (C.D.

8    Cal. Mar. 9, 2012) (Dkt. No. 60) (applying Oklahoma law to complaint filed in

9    Oklahoma).  Under the borrowing statute, a non-New York plaintiff's claim must

10   "be timely under the limitations periods of both New York and the jurisdiction

11   where the cause of action accrued."  *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d

12   525, 528 (1999).[7]

13          New York has a three-year statute of limitations for negligent

14   misrepresentation claims not sounding in fraud, which runs from the date of the

15   alleged misstatement.  *See* N.Y.C.P.L.R. § 214(4); *Ambassador Ins. Co. v. Euclid*,

16   No. 80 Civ. 1235, 1984 WL 341, at *4 n.7 (S.D.N.Y. May 24, 1984) (claim for

17   "negligent misrepresentation viewed strictly in terms of negligence" subject to

18   three-year limitations period); *Colon v. Banco Popular N. Am.*, 59 A.D.3d 300, 300-

19   301 (N.Y. App. Div. 1st Dep't 2009) (statute of limitations for fraud inapplicable to

20   negligent misrepresentation claim); *HSBC Bank USA v. Bond, Schoeneck & King,*

21   *PLLC*, 16 Misc. 3d 813, 834 (N.Y. Sup. Ct. 2007) ("[S]tatute of limitations for

22   negligent misrepresentation claims that do not sound in fraud is three years."), *rev'd*

23   *on other grounds*, 55 A.D.3d 1426 (N.Y. App. Div. 4th Dep't 2008).  As the court

24   said in *Reilly Green Mountain Platform Tennis v. Cortese*, No. 12795/06, 2007 WL

25

26   [7]  *See* N.Y.C.P.L.R. § 202 ("An action based upon a cause of action accruing
     without the state cannot be commenced after the expiration of the time limited by

27   the laws of either the state or the place without the state where the cause of action
     accrued, except that where the cause of action accrued in favor of a resident of the

28   state the time limited by the laws of the state shall apply.").

1  7263362, at *11 (N.Y. Sup. Ct. Nov. 14, 2007), "[i]n the absence of allegations of

2  fraud or constructive fraud, Plaintiffs may not rely on the fraud statute of limitations

3  in order to circumvent the statute of limitations applicable to a negligence cause of

4  action."

5      Sealink's negligent misrepresentation claim is subject to the three-year statute

6  of limitations for negligence claims because Sealink disclaims any allegations of

7  fraud.  The Amended Complaint (¶ 311) states explicitly that "Plaintiff repeats and

8  realleges each and every allegation set forth in the preceding paragraphs above as if

9  fully set forth herein, *except any allegations that the Countrywide Defendants made*

10 *any untrue statements or omissions intentionally or recklessly*."  (Emphasis added).

11 Thus, Count IV is subject to a three-year limitations period.  *Cf. Stichting*

12 *Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1141 n.11

13 (C.D. Cal. 2011) (applying California's shorter, non-fraud limitations period to

14 negligent misrepresentation claim because plaintiff "expressly disclaimed all of its

15 scienter allegations with respect to its negligence-based claims").  This three-year

16 period runs from the date that the alleged misstatement was made.  *See, e.g.*,

17 *Cortese*, 2007 WL 7263362, at *12 ("[C]ause of action accrued when Plaintiffs

18 acted on the alleged representations.").  Because the MBS at issue in this case were

19 both issued and allegedly purchased between 2005 and 2007, *see* Am. Compl. ¶ 2,

20 the alleged misstatements were made more than three years before Sealink sued on

21 September 29, 2011.  Count IV is thus time-barred under New York law, and should

22 be dismissed with prejudice for this reason as well as because Sealink lacks standing

23 to sue.

24                          **<u>CONCLUSION</u>**

25      This case should be dismissed for lack of standing because the Amended

26 Complaint confirms that the SPVs (in whose shoes Sealink seeks to sue) received a

27 full refund for the MBS they bought and have incurred no injury.  Dismissal should

28 be with prejudice because any further amendment would be futile.  *See, e.g.*,

1   *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.

2   2011) ("[D]istrict court's discretion to deny leave to amend is particularly broad

3   where plaintiff has previously amended the complaint.").

4

5   Dated:  April 30, 2012                    Respectfully submitted,

6

7                                             GOODWIN PROCTER LLP

8                                             By: /s/ Brian E. Pastuszenski
                                              Brian E. Pastuszenski (*pro hac vice*)
9                                             Lloyd Winawer (State Bar No. 157823)
                                              Inez H. Friedman-Boyce (*pro hac vice*)
10                                            Brian C. Devine (State Bar Number 222240)
                                              Adam Slutsky (*pro hac vice*)
11
                                              *Counsel for Defendants Countrywide*
12                                            *Financial Corporation, Countrywide Home*
                                              *Loans, Inc., Countrywide Securities*
13                                            *Corporation, CWALT, Inc., CWABS, Inc., and*
                                              *CWHEQ, Inc.*
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28