IRELL & MANELLA LLP
David Siegel (101355)
dsiegel@irell.com
A. Matthew Ashley (198235)
mashley@irell.com
Allison L. Libeu (244487)
alibeu@irell.com
Priyanka Rajagopalan (278504)
prajagopalan@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Attorneys for Defendant
Angelo Mozilo

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE: COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION | MDL No. 11-ML-02265-MRP (MANx) <br><br> **DEFENDANTS ANGELO MOZILO AND DAVID SAMBOL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF SEALINK FUNDING LIMITED'S AMENDED COMPLAINT** <br><br> Date: June 11, 2012 <br> Time: 11:00 a.m. <br> Judge: Hon. Mariana R. Pfaelzer <br> Ctrm: 12 |
| SEALINK FUNDING LIMITED, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTRYWIDE FINANCIAL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 11-CV-08896-MRP (MANx) |

Defendants Angelo Mozilo and David Sambol (herein "Individual Defendants") respectfully submit this joint reply in support of their motion to dismiss. The Individual Defendants also join in the reply brief submitted by the Countrywide Defendants to the extent applicable to the Individual Defendants.

## I. INTRODUCTION

Sealink impermissibly attempts to redraft its negligent misrepresentation claim through its Opposition. This alone is grounds to dismiss the claim. In addition, Sealink's alleged "drafting error" is an attempt to simultaneously secure both the lighter pleading burden associated with negligence and the longer statute of limitations associated with fraud. But just as this Court did in *Stichting*, New York courts repeatedly reject such improper gamesmanship by plaintiffs. The negligent misrepresentation claim sounds in negligence. Therefore, the three-year statute governs, and the Amended Complaint is time-barred as a matter of law.

As for the issue of standing and assignment, there has been neither a waiver nor any attempt at "seriatim" briefing. This Court raised serious issues regarding Sealink's standing based on a purported assignment of claims. If the case survives this round of motion to dismiss briefing, the Individual Defendants simply request that the Court order Sealink to produce a complete set of sales documents so that the standing issue can be addressed, as necessary, on a more complete record. To date, Sealink has only selectively produced, quoted from, and paraphrased these documents.

The Individual Defendants' motion to dismiss should be granted.

## II. THE NEGLIGENT MISREPRESENTATION CLAIM IS TIME-BARRED

The Opposition concedes all that is necessary to dismiss the negligent misrepresentation claim:

- In their moving brief, the Individual Defendants cited extensive authority holding that, when a negligent misrepresentation claim is not

1 | based on fraud, the three-year statute of limitations governs.  Mem. at 3:19-4:10.  Sealink does not argue otherwise.

- The Individual Defendants further demonstrated that the limitations period begins to run upon the date of the alleged misrepresentation – which here would be 2007 at the latest – and therefore the three years ran before the Complaint was filed on September 29, 2011.  *Id.* at 3:19-5:2.  Again, Sealink does not argue otherwise.

Having no response to the governing law or the effect of its own admissions, Sealink only responds that its supposed failure to include fraud/scienter allegations in its negligent misrepresentation claim was a "drafting error." Opp. at 17:5.  This tack fails for at least two reasons.

First, Sealink cannot redraft its Amended Complaint through its opposition brief; the Amended Complaint governs.  *See Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908 DOC (ANx), 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) ("Plaintiff cannot defend against a motion to dismiss by relying on new allegations in her Opposition that are absent from the current complaint.").  This rule alone compels dismissal of the negligent misrepresentation claim.

Second, while the Opposition focuses on Sealink's failure to delete a phrase from paragraph 311 that expressly disclaims scienter, this is no mere drafting error. Opp. at 17:2-7.  Sealink ignores the other portions of its negligent misrepresentation claim that repeatedly invoke principles of negligence, not fraud.  *See, e.g.*, Am. Compl. ¶ 319 (alleging liability because defendants supposedly "knew, or *were negligent* in not knowing" falsity) (emphasis added); *id.* ¶ 321 (defendants "*should have known*" that the information was false) (emphasis added).  These were not all "drafting errors" – they were designed to invoke negligence principles and thus to try to fit under a weaker standard for pleading and, ultimately, proof.[1]

---

[1] "The court need not ignore the prior allegations in determining the *plausibility* of the current pleadings.  Thus, plaintiffs may alter their allegations in an amended complaint, but the court may properly consider the plausibility of the

1   In fact, Sealink's claimed "drafting error" is an attempt to have it both ways.
2   Sealink tries to obtain a lighter pleading burden by pursuing its claim under a
3   negligence theory, but at the same time, it improperly seeks to obtain a longer
4   statute of limitations by invoking fraud that is not alleged in the count.  New York
5   law proscribes this, and this Court has itself rejected such maneuvers. *See, e.g.*,
6   *Ruffing v. Union Carbide Corp.*, 308 A.D.2d 526, 527 (N.Y. Sup. Ct. 2003)
7   ("[Plaintiff] may not assert fraud causes of action based on the allegations noted
8   above where to do so would permit circumvention of the statute of limitations
9   applicable to her negligence cause of action."); *cf. Stichting Pensioenfonds ABP v.*
10  *Countrywide Fin. Corp.,* 802 F. Supp. 2d 1125, 1141 n.11 (C.D. Cal. 2011) (holding
11  that the shorter two-year statute applies to a negligent misrepresentation claim
12  sounding in negligence).**²**

13  Sealink's negligent misrepresentation claim is untimely on its face.  It should
14  be dismissed with prejudice.

15  **III.   THE ISSUE OF STANDING AND ASSIGNMENT SHOULD BE**
16  **DECIDED, IF NECESSARY, AFTER SEALINK PRODUCES *ALL***
17  **POTENTIALLY RELEVANT DEAL DOCUMENTS**

18  The issue of standing hinges on assignment.  The Court directed Sealink to
19  provide the basis for its claim of assignment, and Sealink has submitted portions of
20  some of the sales documents into the record (*see* Dkt. No. 47-3) and quoted from
21  them (*albeit* selectively) in the Amended Complaint.  From this record, it is clear

---

FAC in light of the prior allegations." *Fasugbe v. Williams*, No. CIV 10-2320 WBS KJN, 2011 WL 2119128, at *5 (E.D. Cal. May 26, 2011) (internal citations omitted).

**²** *See also Reilly Green Mountain Platform Tennis v. Cortese,* No. 12795/06, 2007 WL 7263362, at* 11 (N.Y. Sup. Ct. Nov. 14, 2007)  ("Plaintiffs may not rely on the fraud statute of limitations in order to circumvent the statute of limitations applicable to a negligence cause of action."); *Kaufman v. Cohen,* 307 A.D.2d 113, 118 (N.Y. Sup. Ct. 2003) ("[W]here an allegation of fraud is not essential to the cause of action pleaded except as an answer to an anticipated defense of the Statute of Limitations, courts look for the reality, and the essence of the action and not its mere name.") (internal citation omitted).

that other portions of the documents, or even other documents entirely, relate to whether the claims sued upon were – or at law could be – effectively assigned. The Individual Defendants ask only that Sealink provide the full text of all relevant sales documents. This production need only occur, however, if this case survives the current motion to dismiss briefing.

This is neither an effort to approach the issue through *seriatim* briefing nor a waiver, as Sealink contends, but rather the most efficient way to address an issue raised by the Court in the event it actually needs to be addressed. Indeed, standing "represents a jurisdictional requirement which remains open to review at all stages of the litigation" and cannot be waived. *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994); *see also Mancuso v. Consol. Edison Co. of New York*, 130 F. Supp. 2d 584, 588 (S.D.N.Y. 2001), *aff'd sub nom.*, 25 F. App'x 12 (2d Cir. 2002) ("[T]he issue of standing can be raised on motion of a party or even sua sponte at any time during the litigation or appeal; it cannot be waived."); *Killian v. Millard*, 279 Cal. Rptr. 877, 879 (Cal. Ct. App. 1991) (same).

As an example of the relevant documents Sealink partially and selectively quotes, Sealink proclaims for the first time in its Amended Complaint and Opposition that: "Sachsen Europe transferred RMBS from the Irish SPVs to the Cayman SPVs . . . These transfers were governed by Global Master Repurchase Agreements executed between the Irish SPVs and the Cayman SPVs (the 'Master Repurchase Agreements') which transferred 'all right, title and interest' in the transferred securities." Opp. at 5:10-14; Am. Compl. ¶ 38.[3] However, Sealink neither attached the Global Master Repurchase Agreements to the Amended Complaint nor included them in the transaction documents submitted to the Court. *See* Dkt. No. 47-3.

---

[3] *See also* Am. Compl. ¶ 40 ("The Master Repurchase Agreements, SPAs and Master Framework transferred all rights relating to the Certificates at issue, without limitation, to Sealink [and] [t]his transfer included an assignment of the right to pursue the claims asserted herein.").

1	Even when including a purported "assignment" document in the record,
2	Sealink has relied on terminology in the document that requires review of other
3	documents that are not in the record.  For instance, Sealink hinges its assignment
4	argument on the definition of "assets" contained on page 60 of the Master
5	Framework and Definitions Schedule.  *See* Am Compl. ¶ 39; Opp. to MTD Orig.
6	Compl. at 7:17-18 (Dkt. No. 47); Millar Decl. ¶ 13 (Dkt. No. 47-3).  However, that
7	defined term is preceded by the admonition that it only applies in the context of the
8	defined term "Transaction Documents."  Millar Decl., Ex. F at 152.  And the
9	definition of "Transaction Documents" includes reference to documents that are
10	neither attached to the Amended Complaint nor included in the documents Sealink
11	submitted to this Court.  *See* Millar Decl., Ex. F at 148 ("Transaction Documents"
12	includes:  "the German Law Transaction Documents, the English Law Transaction
13	Documents and the Corporate Services Agreement.").

14	Sealink cannot claim that these documents are irrelevant to the assignment
15	issue.  Nor does Sealink contend that it lacks access to these documents or that it
16	would be unduly burdensome to produce them promptly following this Court's
17	decision on the motions to dismiss.  Indeed, given that Sealink is quoting from these
18	documents (selectively) and paraphrasing them (partially), presumably Sealink
19	could have provided them with its incomplete submission to the Court in Docket
20	No. 47-3.

21	Consequently, Sealink's protestations regarding supposed "seriatim" motions
22	are misplaced.  If any portion of this case remains after the other threshold legal
23	issues are decided, then Sealink should be ordered to provide a *full* set of the sale
24	documents so the assignment issue can be properly briefed (for the first time) and
25	decided.  *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("Were
26	courts to refrain from considering [documents referenced in the complaint],
27	complaints that quoted only selected and misleading portions of such documents
28	could not be dismissed under Rule 12(b)(6) even though they would be doomed to

failure."); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (in deciding motion to dismiss, court may consider document outside complaint where complaint "relies heavily upon its terms and effect") (internal quotations omitted); *cf. In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953 (N.D. Cal. 2007) ("On considering a motion to dismiss, judicial notice of the *full text* of documents referenced in a complaint is proper under the doctrine of incorporation by reference.") (emphasis added).[4]

## IV. CONCLUSION

For all of the foregoing reasons, the Individual Defendants' joint motion to dismiss should be granted.[5]

---

[4] *See also Mabry v. Fischer*, 11 CIV. 2887 LBS, 2011 WL 6034368, at *2 (S.D.N.Y. Dec. 5, 2011) (at pleading stage, court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference . . . This includes the *full text* of documents partially quoted in the complaint.") (emphasis added); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ("In addition, on a motion to dismiss securities fraud claims, 'the court may consider the full text of the relevant documents to determine whether the plaintiffs have alleged material misrepresentations or omissions.'") (internal citations omitted).

[5] Sealink's Opposition contends that it is "beyond dispute" that the "Countrywide Defendants disregarded underwriting and appraisal standards." This is a throwaway remark not addressed to any of the motion to dismiss issues. In any event, the supposed disregarding of underwriting and appraising standards is disputed by the Individual Defendants. Opp. at 1:10-12.


| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: June 4, 2012 | IRELL & MANELLA LLP |
| 4 | | By: /s/ David Siegel* |
| 5–7 | | David Siegel (101355)<br>dsiegel@irell.com<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>Tel: (310) 277-1010 |
| 8–9 | | Attorneys for Defendant<br>Angelo Mozilo |
| 13 | Dated: June 4, 2012 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 16 | | By: /s/ Michael C. Tu (with permission) |
| 17–20 | | Michael C. Tu (186793)<br>mtu@orrick.com<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, California 90017<br>Tel: (213) 629-2020 |
| 21 | | Attorneys for Defendant<br>David Sambol |

---

\* All other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized the filing.