Brian E. Pastuszenski (*pro hac vice*)
*bpastuszenski@goodwinprocter.com*
Inez H. Friedman-Boyce (*pro hac vice*)
*ifriedmanboyce@goodwinprocter.com*
Brian C. Devine (SBN 222240)
*bdevine@goodwinprocter.com*
Adam Slutsky (*pro hac vice*)
*aslutsky@goodwinprocter.com*
**GOODWIN PROCTER LLP**
Exchange Place
Boston, MA 02109-2802
Tel.: 617-570-1000
Fax: 617-570-1231

Lloyd Winawer (SBN 157823)
*lwinawer@goodwinprocter.com*
**GOODWIN PROCTER LLP**
601 South Figueroa Street, 41st Floor
Los Angeles, California 90017
Tel.: 213-426-2500
Fax: 213-623-1673

*Attorneys for Defendants*
Countrywide Financial Corporation,
Countrywide Home Loans, Inc., Countrywide
Securities Corporation, CWALT, Inc.,
CWABS, Inc., and CWHEQ, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN re COUNTRYWIDE FINANCIAL CORP. MORTGAGE-BACKED SECURITIES LITIGATION CASES | Case No. 11-ML-02265-MRP (MANx)<br><br>**REPLY IN FURTHER SUPPORT OF COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS SEALINK'S AMENDED COMPLAINT**<br><br>Date/Time: June 11, 2012, 11:00 a.m.<br>Courtroom: 12<br>Judge: Hon. Mariana R. Pfaelzer |
| SEALINK FUNDING LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, et al.,<br><br>Defendants. | Case No. 11-CV-08896-MRP (MANx) |

# TABLE OF CONTENTS


Page

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 2

I. THE OPPOSITION CONFIRMS SEALINK LACKS STANDING. .......... 2

A. The SPVs' Out-of-Pocket Damages Are Zero .......... 3

B. Sealink Lacks Standing Because The SPVs Have No Injury .......... 5

II. SEALINK CONCEDES THAT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION AS ALLEGED IS TIME-BARRED. .......... 7

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Aimis Art Corp. v. N. Trust Sec., Inc.*,
641 F. Supp. 2d 314 (S.D.N.Y. 2009) ........................................................ 3, 4, 5

*Allstate Ins. Co. v. Countrywide Fin. Corp.*,
824 F. Supp. 2d 1164 (C.D. Cal. 2011) ........................................................ 4, 7

*Broam v. Bogan*,
320 F.3d 1023 (9th Cir. 2003) ........................................................ 7

*Bullfrog Films, Inc. v. Wick*,
847 F.2d 502 (9th Cir. 1988) ........................................................ 5

*County of Oakland v. City of Detroit*,
866 F.2d 839 (6th Cir. 1989) ........................................................ 4

*Dexia Holdings, Inc. v. Countrywide Fin. Corp.*,
No. 11-cv-07165, 2012 WL 1798997 (C.D. Cal. Feb. 17, 2012) ........................ 4

*Fasugbe v. Willms*,
No. Civ. 10-2320, 2011 WL 2119128 (E.D. Cal. May 26, 2011) ........................ 7

*Genesee Cnty. Employees' Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*,
825 F. Supp. 2d 1082 (D.N.M. 2011) ........................................................ 4

*Hotaling v. Leach & Co., Inc.*,
247 N.Y. 84 (1928) ........................................................ 4, 5

*HSBC Bank v. Bond, Schoeneck & King, PLLC*,
16 Misc. 3d 813 (N.Y. Sup. Ct. 2007) ........................................................ 7

*In re UBS Auction Rate Sec. Litig.*,
No. 09 Civ. 2967, 2009 WL 860812 (S.D.N.Y. Mar. 30, 2009) .................. 3, 4, 5

*Italia Di Navigazione, S.p.A. v. M.V. Hermes I*,
564 F. Supp. 492 (S.D.N.Y. 1983) ........................................................ 6

*Keenan v. Allan*,
889 F. Supp. 1320 (E.D. Wash. 1995) ........................................................ 8

*Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413 (1996) .......... 3

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157 (C.D. Cal. 2010) .......... 5

*MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2012 WL 10899 (N.Y. Sup. Ct. Jan. 3, 2012) .......... 2, 4

*McColm v. Foremost Insurance Co.*, No. C 09-04132, 2010 WL 1691681 (N.D. Cal. Apr. 23, 2010) .......... 8

*Nat'l Steel Corp. v. Great Lakes Towing Co.*, 574 F.2d 339 (6th Cir. 1978) .......... 4

*New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653, 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) .......... 4

*North Forth Bank v. Cohen & Krassner*, 44 A.D. 3d 375 (N.Y. App. Div. 2007) .......... 6

*Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908, 2012 WL 294936 (C.D. Cal. Feb. 1, 2012) .......... 8

*Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97 (S.D.N.Y. 2011) .......... 4

*Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Culture Pearl Corp.*, No. 600634/2010, 2011 WL 1744217 (N.Y. Sup. Ct. May 4, 2011) .......... 6

*Swipe for Life, LLC v. XM Labs, LCC*, No. 10-22337-Civ, 2012 WL 1289726 (S.D. Fla. Apr. 16, 2012) .......... 5, 6

*TFcG-Illinois, L.P. v. United Maint. Co.*, No. 09-CV-1122, 2011 U.S. Dist. LEXIS 126116 (D. Utah Nov. 1, 2011) .......... 6

*Travelers Cas. & Sur. Co. of Am., Inc. v. Bank of the Ozarks*, No 11CV00280, 2011 WL 3444063 (E.D. Ark. Aug. 8, 2011) .......... 6

## **PRELIMINARY STATEMENT**[1]

Sealink's Opposition confirms the correctness of this Court's decision to dismiss the original complaint for lack of injury giving rise to standing. In that decision, the Court noted that it "d[id] not understand Sealink to argue that it has standing on its own behalf." *Sealink Funding Ltd. v. Countrywide Fin. Corp.*, No. 11-cv-08896, slip op. at 23 (C.D. Cal. Mar. 9, 2012) (Dkt. No. 60). In the Opposition, Sealink confirms that it "steps in the shoes of the Irish SPVs" and seeks to "pursue their claims here against the Defendants." Opp. at 2. Based on this now-confirmed understanding, the Court held that "nothing in the record supports any inference that the SPVs suffered a legally cognizable injury." *Sealink*, slip op. at 23. The original complaint "d[id] not allege that any Certificate failed to make a payment before June 2008," as the Court explained, and the record "seem[ed] to indicate that the SPVs received full value for the Certificates." *Id.* Again, the Opposition confirms this Court's understanding of the original complaint and the record. Sealink has now confirmed "that the Certificates did not miss any payments before June 2008" and that the "sales of the Certificates to Sealink were at par value." Opp. at 5, 7. The SPVs therefore have not incurred—and will never incur—legally cognizable injury giving rise to standing. Because Sealink seeks to sue in their "shoes," it in turn lacks standing as well.[2]

Sealink tries to end-run its lack of standing by arguing that the SPVs "massively overpaid for the Certificates." *Id.* at 6. But even if that factually unsupported assertion were true, it would not confer standing. The Certificates had

---

[1] This reply brief uses the same defined terms as the Countrywide Defendants' opening brief, and refers to that brief as the "Opening Brief" or "Br." and Sealink's opposition brief as the "Opposition" or "Opp."

[2] The Countrywide Defendants do not intend to "litigate through seriatim motions," as Sealink claims with respect to the validity of the SPVs' alleged assignment. Opp. at 15. Because the SPVs' lack of legally cognizable injury and Sealink's resulting lack of standing is apparent on the face of the Amended Complaint and Sealink's Opposition, the Countrywide Defendants only reserve their rights to challenge the assignment's validity in the unlikely event that this case proceeds.

made all payments as of June 2008, when the SPVs transferred the Certificates and received a full refund of their purchase price. But the law—including the very cases Sealink itself cites—does not permit a party that receives full repayment of the price paid for securities to pursue damages. To the contrary, in one of the very cases Sealink cites, the court recited the black-letter principle that the purpose of fraud damages is "to place the wronged victim in the same position as it was prior to the wrongdoing, without providing the recovery of any windfall." *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/08, 2012 WL 10899, at *7 (N.Y. Sup. Ct. Jan. 3, 2012). Because the full repayment the SPVs received already had put them in that position, Sealink cannot seek to recover now what would be windfall damages standing in the SPVs' shoes.

Furthermore, Sealink admits that New York's three-year statute of limitations bars its claim for negligent misrepresentation, but argues this is only because of a supposed "drafting error" due to which Sealink disclaimed fraud allegations in connection with that claim. "Drafting error" or not, Sealink may not further amend its Amended Complaint through its opposition brief. This claim thus must be dismissed both because it is untimely and because Sealink lacks standing.

## ARGUMENT

### I. THE OPPOSITION CONFIRMS SEALINK LACKS STANDING.

Sealink does not dispute that the SPVs paid $1,626,641,000 for the Certificates between 2005 and 2007, and received back the same $1,626,641,000 when they transferred the Certificates to Sealink in June 2008. *See* Br. at 5. Sealink also admits that "the Certificates did not miss any payments before June 2008." Opp. at 7. Because Sealink confirms that it "is pursuing the claims of the Irish SPVs," Opp. at 2, and because those SPVs have no legally cognizable injury, Sealink lacks Article III standing.

**A. The SPVs' Out-of-Pocket Damages Are Zero.**

The "true measure of damage" for fraud is "actual pecuniary loss" (*i.e.*, out-of-pocket loss). *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 420-21 (1996); Br. at 5. But the Opposition confirms that the SPVs did not incur such loss:

- First, Sealink admits "that the Certificates did not miss any payments before June 2008" (Opp. at 7), confirming this Court's reading of the original complaint that Sealink "does not allege that any Certificate failed to make a payment before June 2008." *Sealink*, slip op. at 23.
- Second, Sealink confirms (as the Amended Complaint alleges) that in June 2008 the "sales of the Certificates to Sealink were at par value." Opp. at 5. In other words, "the SPVs received full value for the Certificates," as this Court inferred from the record when it dismissed Sealink's original complaint. *Sealink*, slip op. at 23.

As the district court explained in *In re UBS Auction Rate Securities Litigation*, "out-of-pocket damages are necessarily zero" where—as here—repayment of the securities' par value "returned [plaintiffs] to the position they were in before they purchased." No. 09 Civ. 2967, 2009 WL 860812, at *5 (S.D.N.Y. Mar. 30, 2009); a*ccord Aimis Art Corp. v. N. Trust Sec., Inc.*, 641 F. Supp. 2d 314, 320 (S.D.N.Y. 2009) (plaintiff could not plead damages because it "has already received compensation for losses suffered as a result of the alleged misstatements or omissions"). Accordingly, dismissal is warranted for the same reasons the Court dismissed Sealink's original complaint. *See Sealink*, slip op. at 23.

Sealink's only response to this lack of injury is its conclusory assertion that "the Irish SPVs massively overpaid for the Certificates at the time of purchase." Opp. at 6. But even assuming for argument's sake only that the Irish SPVs purchased the Certificates at an inflated purchase price, "the full refund they received certainly accounted for an inflated purchase price." *UBS*, 2009 WL 860812, at *5-6; *accord Aimis*, 641 F. Supp. 2d at 320 (plaintiff had no damages

where it received full repayment).[3]

The cases Sealink cites in the Opposition (Opp. at 8-9) are factually inapposite and do not suggest otherwise. Unlike the SPVs here, none of the plaintiffs in those cases had been made whole by a full refund of the purchase price.[4] Moreover, one of the cases cited by Sealink (which did not involve an assignment) confirms the black-letter principle that "[c]ompensatory damages are intended to make the victim of wrongdoing whole"—*i.e.*, "to place the wronged victim in the same position as it was prior to the wrongdoing, without providing the recovery of any windfall." *MBIA*, 2012 WL 10899, at *7. Here, the full repayment the SPVs received in June 2008 when the Certificates were transferred did just that—it put the SPVs in the "same position" they were in before they bought the securities and paid their purchase price and before the alleged "wrongdoing" occurred.

*Hotaling v. Leach & Co., Inc.*, 247 N.Y. 84 (1928) (Opp. at 8-9), does not authorize an allegedly defrauded party that has been repaid in full to recover windfall damages, contrary to Sealink's specious argument that such a party incurs an inextinguishable legally cognizable injury at the moment it purchases a security. *See* Opp. at 8-9. Unlike the SPVs here, the plaintiff in *Hotaling* had received back

---

[3] Like the plaintiffs in *UBS* and *Aimis*, the SPVs here received repayment in full of the price they paid for the securities at issue. Sealink's argument that the repayment in those cases came from the defendants as opposed to a purchaser of the securities (here Sealink) is a distinction without a difference. *See* Opp. at 10-12. Either way, the holder of the securities received payment in full and thus had no cognizable injury that could support the standing of any plaintiff seeking to sue in its shoes (as Sealink here seeks to sue in the shoes of the SPVs).

[4] *Dexia Holdings, Inc. v. Countrywide Fin. Corp.*, No. 11-cv-07165, 2012 WL 1798997, at *5-6 (C.D. Cal. Feb. 17, 2012) (overpayment allegations sufficient where purchaser had ***not received full refund*** and still held securities) (emphasis added); *Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1188-89 (C.D. Cal. 2011) (same); *Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 102-103, 107 (S.D.N.Y. 2011) (same); *New Jersey Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653, 2010 WL 1473288, at *1 (S.D.N.Y. Mar. 29, 2010) (same); *Genesee Cnty. Employees' Ret. Sys. v. Thornburg Mortg. Sec. Trust 2006-3*, 825 F. Supp. 2d 1082, 1098 (D.N.M. 2011) (same); *accord County of Oakland v. City of Detroit*, 866 F.2d 839, 845-47 (6th Cir. 1989) (no allegation that plaintiff received full repayment of purchase price); *Nat'l Steel Corp. v. Great Lakes Towing Co.*, 574 F.2d 339, 343 (6th Cir. 1978) (same).

only a small fraction of the purchase price he had paid for a bond when the asset collateralizing the bond was sold. *See Hotaling*, 247 N.Y. at 87. Because the plaintiff had not been made whole through liquidation of the collateral, he was not barred from suing for damages. *See id.* Here, the SPVs' ownership of the Certificates ended in June 2008, when (having received all principal and interest distributions due through that date) they received back the same $1,626,641,000 that they paid between 2005 and 2007. Their damages are necessarily zero.

In short, the SPVs did not and will never incur any out-of-pocket damages because they were repaid in full and put in exactly the situation they were in immediately before they acquired the Certificates at issue in the first place. Neither they nor Sealink (which seeks to sue in their shoes) has any legally cognizable injury that would confer standing here.

**B. Sealink Lacks Standing Because The SPVs Have No Injury.**

As Sealink's own cases acknowledge, Article III standing "require[s] that a plaintiff present an injury in fact." *Bullfrog Films, Inc. v. Wick*, 847 F.2d 502, 506 (9th Cir. 1988) (cited in Opp. at 7). Because Sealink's standing is derivative of the SPVs' standing, and the SPVs have no injury-in-fact, Sealink cannot stand in their shoes here. Unable to satisfy the standing requirement, Sealink's claims must be dismissed. *See UBS*, 2009 WL 860812, at *5-6 (plaintiffs lacked standing following full refund of securities' purchase prices); *Aimis*, 641 F. Supp. 2d at 320-21 (same).[5]

The cases Sealink itself cites confirm that this case must be dismissed for lack of standing. For example, in *Swipe for Life, LLC v. XM Labs, LCC*, the plaintiff

[5] Sealink tries to distinguish *UBS* and *Aimis* by noting that they were putative class actions, but that fact is legally irrelevant to the issue of standing. Regardless whether a case is filed as a class action or an individual action, the named plaintiff must have standing to assert the claims it has brought. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1163 (C.D. Cal. 2010) (standing is a threshold issue in every federal case and "a plaintiff may not avoid the standing inquiry merely by styling his suit as a class action" because "plaintiffs must show that they personally have been injured") (internal quotations and citations omitted). As in *UBS* and *Aimis*, standing is lacking here because the purchase price of the securities in question was repaid in full.

assignee had standing to sue on behalf of a third-party assignor because the assignor was not "made whole" through its assignment to plaintiff.[6] No. 10-22337-Civ, 2012 WL 1289726, at *4 (S.D. Fla. Apr. 16, 2012). The district court noted that the plaintiff was "not attempting to stand in the shoes of any [parties] who received full refunds." *Id.* Here, however, that is *exactly* what Sealink *is* attempting to do. Likewise, in *North Fork Bank v. Cohen & Krassner*, the plaintiff assignee's fraud claim regarding a mortgage transaction was not viable to the extent that plaintiff sought to sue in its assignor's shoes because the assignor had received "full value" and therefore "does not have a claim for fraud." 44 A.D. 3d 375, 375 (N.Y. App. Div. 2007).[7] Here, the assignor SPVs similarly do not have a claim for fraud as a

---

[6] Sealink misinterprets *Swipe for Life* when it argues that the assignor in this case had been "made whole" by a payment the plaintiff assignee had made to the assignor. Opp. at 11. Sealink is conflating two entirely different contracts at issue in *Swipe for Life*. The plaintiff assignee was suing on a claim assigned to it by the assignor that arose under a contract between the assignor and the XM defendants. 2012 WL 1289726, at *1. Before filing suit, the plaintiff assignee made a payment to the assignor under a different contract between the assignor and the plaintiff assignee. *Id.* at *3. Because that payment related to a different contract, and did not extinguish the debt owing to the assignor from the XM defendants under their separate agreement, the court held that the assignor had not been made whole and that the assignee thus did not lack standing. *Id.* at *3-4. To have held otherwise, the court said "would muddle separate contractual obligations and lead to the absurd result that Swipe's satisfaction of its own contractual obligation somehow released XM from the consequences of its failure to honor a separate contractual agreement." *Id.* at *3.

[7] To the extent the plaintiff assignor in *North Fork* incurred its *own separate damages after the assignment*, it was found to have standing to pursue *that* claim. 44 A.D. 3d at 375. That limited holding is consistent with the holding in *Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Culture Pearl Corp.*, where—unlike here—the defendants argued that the assignor "had no causes of action to assign to Plaintiffs" because the assignor had been paid in full. No. 600634/2010, 2011 WL 1744217, at *3-4 (N.Y. Sup. Ct. May 4, 2011). The court in that case disagreed "because the [assignor's] Loans were undisputedly outstanding and unpaid at the time of the assignments." *Id.* at *4. Here, however, Sealink concedes that the Certificates had made all payments at the time of the assignment. Opp. at 7. Sealink's other authorities also are factually inapposite. *See TFcG-Illinois, L.P. v. United Maint. Co.*, No. 09-CV-1122, 2011 U.S. Dist. LEXIS 126116, at *13-14, *23 (D. Utah Nov. 1, 2011) (assessing validity of oral assignment and effective date of assignment); *Travelers Cas. & Sur. Co. of Am., Inc. v. Bank of the Ozarks*, No 11CV00280, 2011 WL 3444063, at *1 (E.D. Ark. Aug. 8, 2011) (assessing plaintiff's "standing to seek relief under Arkansas's Fraudulent Transfer Act"); *Italia Di Navigazione, S.p.A. v. M.V. Hermes I*, 564 F. Supp. 492, 493 (S.D.N.Y. 1983) (assessing whether plaintiff was real party in interest following assignment).

result of their "full value" refund, and Sealink in turn does not have standing to sue in their place.

## II. SEALINK CONCEDES THAT ITS CLAIM FOR NEGLIGENT MISREPRESENTATION AS ALLEGED IS TIME-BARRED.

Under the New York borrowing statute, Sealink's negligent-misrepresentation claim is subject to New York's three-year statute of limitations—not the six-year statute of limitations for fraud claims—because the Amended Complaint expressly disclaims "any allegations that the Countrywide Defendants made any untrue statements and omissions intentionally or recklessly."[8] Am. Compl. ¶ 311; *see, e.g.*, *HSBC Bank v. Bond, Schoeneck & King, PLLC*, 16 Misc. 3d 813, 834 (N.Y. Sup. Ct. 2007) ("[S]tatute of limitations for negligent misrepresentation claims that do not sound in fraud is three years."). Sealink does not argue otherwise. Instead, it claims that it "inadvertently retained" that disclaimer in the Amended Complaint as a result of a "drafting error."[9] Opp. at 17.

In the Ninth Circuit, however, "a court *may not* look beyond the complaint to a plaintiff's moving papers" in deciding a motion to dismiss. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in original) (disregarding facts "that were not in [plaintiffs'] first amended complaint but were alleged in their opposition

---

[8] The borrowing statute requires that the plaintiff's claim be timely under both New York's applicable limitations period and the period of the place where the claim arose. *See Allstate*, 824 F. Supp. 2d at 1175 ("New York has a borrowing statute, C.P.L.R. § 202, which provides that when a nonresident sues on a cause of action that accrued outside the state, the action must be timely under both New York and the laws of the place where the cause of action accrued.").

[9] Even assuming for argument's sake that a "drafting error" occurred, the Amended Complaint's "non-error" negligent-misrepresentation allegations sound in negligence—not fraud—and warrant application of New York's three-year statute of limitations. *See, e.g.*, Am. Compl. ¶ 319 (defendants allegedly "knew, or *were negligent* in not knowing" that their representations were false) (emphasis added). Moreover, Sealink consciously included fraud disclaimers in its original complaint as well, which this Court may consider in connection with this motion. *Fasugbe v. Willms*, No. Civ. 10-2320, 2011 WL 2119128, at *5 (E.D. Cal. May 26, 2011) ("[T]he court need not ignore the prior allegations in determining the *plausibility* of the current pleadings. . . . Thus, plaintiffs may alter their allegations in an amended complaint, but the court may properly consider the plausibility of the [amended complaint] in light of the prior allegations.").

to the Rule 12(b)(6) dismissal motions"); *accord Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908, 2012 WL 294936, at *3 (C.D. Cal. Feb. 1, 2012) ("Plaintiff cannot defend against a motion to dismiss by relying on new allegations in her Opposition that are absent from the current complaint."); *Keenan v. Allan*, 889 F. Supp. 1320, 1359 n.26 (E.D. Wash. 1995) (same). What counts is what Sealink actually alleged in the Amended Complaint, not its after-the-fact backpedaling in the Opposition. For just this reason, the district court in *McColm v. Foremost Insurance Co.*, granted defendant's motion to dismiss despite the plaintiff's assertion in its opposition brief that the complaint contained a "typographical error." No. C 09-04132, 2010 WL 1691681, at *2 (N.D. Cal. Apr. 23, 2010). As alleged, Sealink's negligent-misrepresentation claim is subject to New York's three-year limitations period, which runs from the date of the alleged misstatement. Because the Countrywide Defendants' alleged misstatements (through 2007 at the latest) occurred more than three years before Sealink filed its original complaint (on September 9, 2011), Sealink's claim is time-barred. *See* Br. at 7-8.

## CONCLUSION

The SPVs did not incur any compensable injury because the Certificates made all scheduled payments and the SPVs received full repayment of the purchase price paid for those Certificates. Sealink seeks to sue in the SPVs' "shoes," but absent any legally cognizable injury it lacks standing to sue. Further amendment to the Amended Complaint would be futile, and this action thus should be dismissed in its entirety and with prejudice.

Dated: June 4, 2012

Respectfully submitted,

GOODWIN PROCTER LLP

By: /s/ Brian E. Pastuszenski
Brian E. Pastuszenski (*pro hac vice*)
Lloyd Winawer (State Bar No. 157823)
Inez H. Friedman-Boyce (*pro hac vice*)
Brian C. Devine (State Bar Number 222240)
Adam Slutsky (*pro hac vice*)

*Counsel for Defendants Countrywide Financial Corporation, Countrywide Home Loans, Inc., Countrywide Securities Corporation, CWALT, Inc., CWABS, Inc., and CWHEQ, Inc.*

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. On **June 4, 2012**, I electronically filed the following document(s) using the CM/ECF system:

**REPLY IN FURTHER SUPPORT OF COUNTRYWIDE DEFENDANTS' MOTION TO DISMISS SEALINK'S AMENDED COMPLAINT**

I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on **June 4, 2012**, at Los Angeles, California.

Kemi Oyemade
(Type or print name)

(Signature)