# EXHIBIT A-4

THE COMMON LAW LIBRARY

MON LAW LIBRARY

Torts

Bench Forms

dents of Pleadings

Negligence

on Agency

lander

ages

ice

Goods

nal Negligence

Restitution

Contempt

# CHITTY ON CONTRACTS

THIRTIETH EDITION

Volume I

**GENERAL PRINCIPLES**

**SWEET & MAXWELL**      THOMSON REUTERS

**19–012**  Chap. 19—Assignment

express[40] or implied[41] proviso for reassignment on repayment of the loan: for the reassignment would involve fresh notice to the debtor, who would thus be in no doubt as to whom he ought to pay the debt.[42] An assignment of all moneys due or to become due from the debtor, which was expressed to be by way of continuing security for all moneys due from the assignor to the assignee, has been held to be absolute.[43] On the other hand, where the assignor charged a sum which would become due to him from the debtor as security for advances made to him by the assignee, and assigned his interest in that sum until the advances were repaid to the assignee with interest, this was held to be by way of charge and not within the section.[44] The fact that the assignment is expressed to be by way of security for a loan does not by itself prevent it from being absolute,[45] though combined with other factors such expressions may have this effect.[46] Thus, a provision that the assignor was entitled to exercise all its rights over the property until in default under the loan agreement has prevented an assignment from being absolute.[47] The test seems to be, has the assignor unconditionally transferred to the assignee for the time being the sole right to the debt in question *as against the debtor*? If so, the assignment will be absolute; but if the debtor cannot tell whether to pay the assignor or the assignee without examining the state of accounts between them, it will be held to be by way of charge only. Much may depend on the language of the particular instrument; in construing it, the court will look at the whole of its language. The words italicised above are of crucial importance, for it is no concern of the debtor whether the assignor and assignee have some private arrangement for the disposal of the debt after it has been paid by the debtor. Thus the fact that the assignee is to hold the proceeds of the debt,[48] or the surplus proceeds beyond a stated amount,[49] on trust for the assignor does not prevent the assignment from being absolute.

**19–013**  **Absolute and conditional assignments.** Some cases distinguish between absolute and conditional assignments.[50] To conditional assignments similar criteria will be applied: if the assignor retains, by virtue of the condition, some interest in the debt, it is desirable that he be joined in proceedings regarding it, and the assignment is not absolute.

---

[40] *Tancred v Delagoa Bay Co* (1889) 23 QBD 239.
[41] *Durham Bros v Robertson* [1898] 1 Q.B. 765, 772.
[42] [1898] 1 Q.B. 765.
[43] *Hughes v Pump House Hotel Co* [1902] 2 K.B. 190.
[44] *Durham Bros v Robertson* [1898] 1 Q.B. 765.
[45] *Hughes v Pump House Hotel Co* [1902] 2 K.B. 190. See also *Care Shipping Corp v Latin American Shipping Corp* [1983] Q.B. 1005, 1016.
[46] *Mercantile Bank of London Ltd v Evans* [1899] 2 Q.B. 613.
[47] *The Halcyon the Great* [1984] 1 Lloyd's Rep. 283. See similarly *The Balder London* [1980] 2 Lloyd's Rep. 489.
[48] *Comfort v Betts* [1891] 1 Q.B. 737; *Fitzroy v Cave* [1905] 2 K.B. 364.
[49] *Burlinson v Hall* (1884) 12 QBD 347; *Bank of Liverpool and Martins Ltd v Holland* (1926) 43 T.L.R. 29.
[50] e.g. *Durham Bros v Robertson* [1898] 1 Q.B. 765, 773; *Grey v Australian Motorists & General Insurance Co Pty Ltd* [1976] 1 N.S.W.L.R. 669; cf. *The Balder London* [1980] 2 Lloyd's Rep. 489, in which Mocatta J. spoke of the assignment being put "in suspense."

Assignment                                                                                                              19–016

**Part of a debt.** An assignment of an unascertained part of a debt, e.g. of "so much of my salary" as amounts to a fixed sum and "any further sums in which I may hereafter become indebted to you", is not an absolute assignment.[51] And it is settled, though there were formerly doubts,[52] that an assignment of a definite part of a debt is not within the section.[53] This is because it would increase the burden on the debtor if the creditor were allowed to split up the debt into as many separate causes of action as he thought fit[54]; and also because conflicting decisions might result if the existence or amount of the debt was in dispute.[55] It will be seen that neither of these reasons holds good if the assignor and the assignees are all made parties to the action: and it must be remembered that an assignment which is not within the section because it is not absolute may nevertheless be a valid equitable assignment. The result is that if part of a debt is assigned, the assignee cannot sue for that part without joining the assignor, nor can the assignor sue for the balance without joining the assignee.[56]   19–014

**Written assignment.** The assignment must be in writing under the hand of the assignor. No particular form is however necessary: the writing can be quite informal.[57] A direction in writing by a creditor to his debtor to pay the assignee, handed to the assignee, may amount to an assignment,[58] but such a direction handed to the *debtor* will not by itself constitute an assignment unless there is evidence that the assignee has requested or consented to it[59]; and even if he has, the direction may constitute no more than authority to pay, and gives the assignee no rights. Thus the drawing of a cheque in favour of a third party does not constitute a statutory assignment of a bank balance or part of it.[60]   19–015

**Written notice to the debtor.** Under the statute notice in writing to the debtor is necessary. It is:   19–016

" . . . wrong to suppose that a separate document purposely prepared as a notice, and described as such, is necessary in order to satisfy the statute. The statute only requires

---

[51] *Jones v Humphreys* [1902] 1 K.B. 10.
[52] See *Brice v Bannister* (1878) 3 QBD 569; but the point was not argued, and in the Court of Appeal the assignment seems to have been treated as equitable. See also *Skipper v Holloway* [1910] 2 K.B. 630.
[53] *Forster v Baker* [1910] 2 K.B. 636; *Conlan v Carlow CC* [1912] 2 I.R. 535; *Re Steel Wing Co* [1921] 1 Ch. 349; *G. & T. Earle Ltd v Hemsworth R.D.C.* (1928) 44 T.L.R. 605, 758; *Williams v Atlantic Assurance Co* [1933] 1 K.B. 81, 100; *Walter and Sullivan Ltd v Murphy & Sons Ltd* [1955] 2 Q.B. 584; *Raiffeisen Zentralbank Österreich AG v Five Star General Trading LLC* [2001] EWCA Civ 68, [2001] 2 W.L.R. 1344 at [60], [75].
[54] *Durham Bros v Robertson* [1898] 1 Q.B. 765, 774.
[55] *Re Steel Wing Co* [1921] 1 Chs 349, 357.
[56] *Walter and Sullivan Ltd v Murphy & Sons Ltd* [1955] 2 Q.B. 584.
[57] *Re Westerton* [1919] 2 Ch. 104; *The Kelo* [1985] 2 Lloyd's Rep. 85, 89.
[58] *Brice v Bannister* (1878) 3 QBD 569; *Harding v Harding* (1886) 17 QBD 442; *Grey v Australian Motorists & General Insurance Co Pty Ltd* [1976] 1 N.S.W.L.R. 669.
[59] *Curran v Newpark Cinemas Ltd* [1951] 1 All E.R. 295. cf. below, para.19–022.
[60] *Schroeder v Central Bank of London Ltd* (1876) 34 L.T. 735, 736; Bills of Exchange Act 1882 s.53(1); cf. below, para.19–022. For the different position in Scotland see s.53(2); *Williams v Williams* (1980) S.L.T. 25.

**19–016**          Chap. 19—Assignment

that information relative to the assignment shall be conveyed to the debtor, and that it shall be conveyed in writing."[61]

Thus a written demand for payment sent by the assignee to the debtor has been held sufficient.[62] Beyond this, however, the statute has been strictly construed, and it has been held that the notice must be unconditional,[63] and that written notice must be given, even though the debtor cannot read.[64] So also it is essential that the notice be given to the debtor himself: thus, where an insured assigned the proceeds of a policy and notice was given to the broker through whom the proceeds were collected, it was held that the notice was insufficient.[65] The notice is apparently invalid if it purports to identify the assignment by giving its date and that date is a wrong date[66]; though there is nothing in the section which requires the assignment to be dated at all, and it has been held that a notice is valid though it wrongly states that another notice has already been given.[67] On the other hand, the statute does not prescribe any limit of time within which notice must be given,[68] nor does it lay down that the notice must be given by any particular person.[69] It may consequently be given after the death of either the assignor or the assignee.[70] Notice must be given before the assignee starts his action,[71] though failure to do this will not prevent the assignee from proceeding

---

[61] *Van Lynn Developments Ltd v Pelias Construction Co Ltd* [1969] 1 Q.B. 607, 615. See also *Denney, Gasquet and Metcalfe v Conklin* [1913] 3 K.B. 177; cf. *James Talcott Ltd v John Lewis & Co Ltd* [1940] 3 All E.R. 592 (equitable assignment); see also *Herkules Piling Ltd v Tilbury Construction Ltd* (1992) 61 Build. L.R. 107 (the disclosure to the debtor of a document of assignment on discovery in an action by the assignor held to be insufficient notice for a legal or equitable assignment).

[62] *Van Lynn Developments Ltd v Pelias Construction Co Ltd* [1969] 1 Q.B. 607. But cf. *Warner Bros Records Inc v Rollgreen Investments Ltd* [1976] Q.B. 430 (exercise of option).

[63] *The Balder London* [1980] 2 Lloyd's Rep. 489, 495.

[64] *Hockley and Papworth v Goldstein* (1920) 90 L.J.K.B. 111.

[65] *Amalgamated General Finance Co Ltd v C.E. Golding & Co Ltd* [1964] 2 Lloyd's Rep. 163; *Magee v U.D.C. Finance Ltd* [1983] N.Z.L.R. 438. But cf. the position of an equitable assignment, below, para.19–020 fn.85.

[66] *Stanley v English Fibres Industries Ltd* (1899) 68 L.J.Q.B. 839; *W. F. Harrison & Co Ltd v Burke* [1956] 1 W.L.R. 419; criticised in (1956) 72 L.Q.R. 321 and explained in *Van Lynn Developments Ltd v Pelias Construction Co Ltd* [969] 1 Q.B. 607 at 612. The *Harrison* case [1956] 1 W.L.R. 418, 421 contains a suggestion that a misstatement of the amount of the debt might also vitiate the notice.

[67] *Van Lynn Developments Ltd v Pelias Construction Ltd* [1969] 1 Q.B. 607; *Grey v Australian Motorists & General Insurance Co Pty Ltd* [1976] 1 N.S.W.L.R. 669 (date referred to but no date inserted).

[68] There appears to be no authority on the question of whether notice can be given before the assignment takes place.

[69] *Bateman v Hunt* [1904] 2 K.B. 530, 538.

[70] *Walker v Bradford Old Bank* (1884) 12 QBD 511; *Bateman v Hunt* [1904] 2 K.B. 530; *Re Westerton* [1919] 2 Ch. 104.

[71] *Compania Colombiana de Seguros v Pacific Steam Navigation Co* [1965] 1 Q.B. 101, 128–129. It is arguable that this should no longer be the rule; and that instead a court could prevent any unfairness to defendants by exercising its discretion to disallow an application to amend the particulars of claim so as to add the assigned claim. Say, for example, a claimant is met by the defence that part (but not all) of what he is claiming is his company's, rather than his personal, claim. If he then takes a legal assignment from the company and gives written notice to the defendant, should he be able to apply for an amendment without bringing a fresh action? Or is the "rule" in the *Compania Colombiana* case a rigid one that would automatically mean that such an application would fail?

[1334]

with his action on the footing that he is an equitable assignee.[72] In this event, however, the court may require the assignor to be made a party to the proceedings.[73]

"The date of such notice" in the section means the date when it is received by or on behalf of the debtor.[74] A debtor with notice of an absolute assignment is entitled, and indeed bound, to treat the debt as transferred to the assignee. Payment by the debtor to the assignor will therefore not give him a good discharge, and he will remain liable to pay the debt again to the assignee.[75] If notice is given late, equities which may come into existence prior thereto may be let in, e.g. the assignee must give credit for any payments made to the assignor by the debtor while the latter was in ignorance of the assignment. If there are more assignees than one, their priority is determined according to the dates on which they gave notice to the debtor.[76] It has been held that if the debtor pays his debt by cheque, he may disregard a subsequent notice that the debt has been assigned: he is under no duty to stop the cheque.[77]   19–017

Since a creditor can assign by directing his debtor to pay the assignee it seems that a single written document could suffice to constitute both the assignment itself and the notice required by the section.[78]   19–018

**Consideration.** Consideration is not required for a statutory assignment.[79]   19–019

(b) *Equitable Assignments*

**Notice.** As has been seen above, an assignment cannot be effective under the statute unless written notice is given to the debtor, but an assignment may be perfectly valid in equity without any such notice.[80] Notice is, however, obviously desirable, since, as in the case of statutory assignments, until he receives it the debtor is entitled to treat the assignor as his creditor and to discharge his debt by   19–020

---

[72] *Weddell v Pearce & Major* [1988] Ch. 26, 42, in which Scott J. rejected the obiter dicta in the *Compania Columbiana* case [1956] 1 Q.B. 101 to the extent that Roskill J. had there said that there was no valid equitable assignment.
[73] Below, paras 19–038—19–041.
[74] *Holt v Heatherfield Trust Ltd* [1942] 2 K.B. 1.
[75] *Jones v Farrell* (1857) 1 D & J 208; *Brice v Bannister* (1878) 3 QBD 569; Law of Property Act 1925 s.136; *The Halcyon the Great* [1984] 1 Lloyd's Rep. 283, 289. The debtor could prima facie recover the money paid to the assignor if paid under a mistake; below, paras 29–028—29–053.
[76] Below, paras 19–068—19–069.
[77] *Bence v Shearman* [1898] 2 Ch. 582.
[78] See *Curran v Newpark Cinemas Ltd* [1951] 1 All E.R. 295; *Cossill v Strangman* [1963] N.S.W.R. 1695.
[79] *Harding v Harding* (1886) 17 QBD 442; *Re Westerton* [1919] 2 Ch. 104; *Holt v Heatherfield Trust Ltd* [1942] 2 K.B. 1, 5.
[80] *Gorringe v Irwell India Rubber Works* (1886) 34 Ch D 128; *Re Patrick* [1891] 1 Ch. 82, 87; *Re Westerton* [1919] 2 Ch. 104; *Re City Life Assurance Co (Stephenson's Case)* [1926] Ch. 191; *Re Trytel* [1952] 2 T.L.R. 32; *Weddell v J. A. Pearce* [1988] Ch. 26. But as to options see *Warner Bros Records Inc v Rollgreen Investments Ltd* [1976] 2 Q.B. 430, above, para.19–005. On Australian and New Zealand cases see Chin-Aun (2002) 18 J.C.L. 107.