# EXHIBIT A-5

Case 2:11-cv-08896-MRP-MAN   Document 90-7   Filed 08/30/12   Page 2 of 5   Page ID #:9371

# THE LAW OF CONTRACT

## THIRTEENTH EDITION

by

### EDWIN PEEL, B.C.L., M.A.

*Professor of Law*
*Fellow of Keble College, Oxford*
*Solicitor & Consultant,*
*Clifford Chance LLP*

SWEET & MAXWELL  THOMSON REUTERS

Exhibit A-5    -68-

### (c) Communication to Assignee

An assignment has no effect unless it is communicated[69] to the assignee by the assignor, or by someone with his authority[70]; or unless it is made in pursuance of a prior agreement between assignor and assignee. The reason for the requirement is not immediately obvious since a person can have property transferred to him without his knowledge, subject to a right to repudiate the transfer when he becomes aware of it.[71] One possible reason for the requirement is that communication to the assignee is evidence of intention to assign[72]; but such an intention could equally well be proved by other evidence. Alternatively, communication to the assignee may be regarded as the equivalent of the delivery which is necessary to perfect a gift of a chattel made otherwise than by deed.[73] A final possible explanation of the requirement is that it is based on the nature of assignment as a transaction between assignor and assignee.

15–019

### (d) Notice to Debtor

#### (i) *How to give notice*

Notice of an equitable assignment may be oral,[74] but if the chose assigned is equitable, oral notice will seldom be effective between successive assignees.[75] Notice of a statutory assignment under s.136 of the Law of Property Act 1925 must be in writing.[76] It need not be given by the assignor, nor at the time of the assignment: it may be given by the assignee and is effective so long as it is given before action is brought.[77] There must, however, be a *notice* of assignment given by assignor or assignee: it is not enough to show that the debtor came to know of the assignment in some other way: e.g. as a result of discovery in legal or arbitral proceedings.[78] No particular form of words is necessary[79]; but the notice must clearly and unconditionally[80] tell the debtor to pay a third party *as assignee*, and not merely as agent for the creditor.[81] A notice which incorrectly states the date of the assignment or, it seems, the amount of the debt, is invalid.[82] But a notice which

15–020

---

[69] According to *Alexander v Steinhardt, Walker & Co* [1903] 2 K.B. 208 posting is sufficient communication, but that case was doubted in *Timpson's Executors v Yerbury* [1936] 1 K.B. 645 at 657.
[70] e.g. by the debtor: *Burn v Carvalho* (1839) 4 My. & Cr. 690.
[71] *Standing v Bowring* (1885) 31 Ch.D. 282.
[72] See *Re Hamilton* (1921) 124 L.T. 737.
[73] See below, para.15–029.
[74] *Ex p. Agra Bank* (1868) L.R. 3 Ch.App. 555.
[75] See below, para.15–023.
[76] See above, para.15–016; there is no requirement of notice for an assignment under Marine Insurance Act 1906, s.50: *The Mount I* [2001] EWCA Civ 68; [2001] 1 Lloyd's Rep. 597.
[77] *Walker v Bradford Old Bank* (1884) 12 Q.B.D. 511; *Bateman v Hunt* [1904] 2 K.B. 530; *Re Westerton* [1919] 2 Ch. 104; *Holt v Heatherfield Trust Ltd* [1942] 2 K.B. 1.
[78] *Herkules Piling Ltd v Tilbury Construction Ltd* (1992) 61 Build.L.R. 107.
[79] *Smith v SS "Zigurds" Owners* [1934] A.C. 209.
[80] *The Balder London* [1980] 2 Lloyd's Rep. 489 at 495.
[81] *James Talcott Ltd v John Lewis & Co Ltd* [1940] 3 All E.R. 592.
[82] *Stanley v English Fibres Industries Ltd* (1889) 68 L.J.Q.B. 839; *W F Harrison & Co Ltd v Burke* [1956] 1 W.L.R. 419; criticised by R.E.M. 72 L.Q.R. 321 and quaere whether a different result might obtain in the light of the current more "purposive" approach to interpretation (see above, para.6–011), especially as applied to notices: *Mannai Investment Co Ltd v Eagle Star Life Assurance Co Ltd* [1997] A.C. 749.

says nothing at all about these particulars appears to be valid, so long as it describes the debt with sufficient certainty. A notice is valid although it inaccurately states that another notice had been previously given.[83]

A notice sent through the post has been said to take effect when it is received by the debtor.[84] This is clearly right where a dispute arises between assignee and debtor, for it is unreasonable to make the debtor suffer for failing to act on a notice of which he is not yet aware. But where the dispute is between successive assignees, it is at least arguable that the first to post his notice should have priority over any other assignee who has not yet posted his notice (or otherwise communicated with the debtor) when the first notice was posted.[85]

### (ii) Effects of notice

15–021   **Between assignor and assignee.** The rights of these parties may depend on whether the assignment is statutory[86]; and it can only have this character if notice is given.[87] If no notice is given, the assignment may still be effective in equity.[88] Notice to the debtor is not necessary to perfect the rights of an equitable assignee against the assignor.[89]

15–022   **Between assignee and debtor.** Notice is, however, necessary to perfect the title of an equitable assignee against the debtor,[90] since without such notice the debtor is entitled to assume that he remains liable to his original creditor (the assignor) and that he will get a good discharge by paying the assignor.[91] Notice may[92] also turn the assignment into a statutory assignment, in which case the debtor is liable to be sued by the assignee alone: he can no longer insist that the assignor be made a party to the action. Where the assignment is statutory, the debtor ceases, as soon as notice has been given, to be liable to the assignor[93] and becomes liable to the assignee. It is submitted that the same is true, where an assignment of part of a debt is valid in equity, to the extent of the amount assigned[94]; for it has been held that if the debtor in such a case ignores the notice and pays the assignor he is not discharged and will have to make a second payment

---

[83] *Van Lynn Developments Ltd v Pelias Construction Ltd* [1969] 1 Q.B. 607.
[84] *Holt v Heatherfield Trust Ltd* [1942] 2 K.B. 1 at 6.
[85] *Holt v Heatherfield Trust Ltd*, above is not inconsistent with this suggestion since the order in which the two claimants communicated with the debtor is not stated in the report.
[86] See below, para.15–026.
[87] Law of Property Act 1925, s.136(1).
[88] *Holt v Heatherfield Trust Ltd* [1942] 2 K.B. 1.
[89] *Gorringe v Irwell India Rubber, etc., Works* (1886) 34 Ch.D. 128; *Re Trytel* [1952] 2 T.L.R. 32. Other aspects of the latter case are discussed in *Performing Rights Society v Rowland* [1997] 3 All E.R. 336.
[90] *Warner Bros Records Inc v Rollgreen Ltd* [1976] Q.B. 430; Kloss 39 Conv.(N.S.) 261; *Herkules Piling v Tilbury Construction* (1992) 61 Build.L.R. 107 at 119.
[91] See *Stocks v Dobson* (1853) 4 D.M. & G. 11.
[92] i.e. if the assignment is in writing and is "absolute" (above, paras 15–011—15–014).
[93] *Cottage Club Estates Ltd v Woodside Estates (Amersham) Ltd* [1928] 2 Q.B. 463 at 467; *The Halcyon the Great* [1984] 1 Lloyd's Rep. 283 at 289.
[94] The contrary view was, indeed, taken by Simon Brown L.J. in *Deposit Protection Board v Dalia* [1994] 2 A.C. 367 at 382, but in a dissenting judgment; actual decision reversed but on other grounds [1994] 2 A.C. 391.

to the assignee.[95] Nor, once notice of an equitable assignment had been given, could the assignor sue the debtor without joining the assignee[96]; and if he does join the assignee his claim will fail to the extent of the amount assigned.[97]

**Between successive assignees.** A chose in action may be successively assigned by an insolvent assignor to several persons for more than it is worth. It is then necessary to decide in what order the assignees are to be paid. The rule is that successive assignments taken in good faith rank in the order in which notice is given to the debtor. Thus a later assignee may gain priority over an earlier one by giving notice first.[98] Notice of the assignment of an equitable chose should be given in writing, since oral notice of an assignment of such a chose does not give priority over later assignees in good faith and for value.[99]

15–023

### 5. CONSIDERATION[100]

The question whether an assignment must be supported by consideration is one of great complexity. Two points must be made to clear the ground for the discussion. First, the dispute concerns only the relative rights of assignor and assignee. The debtor cannot refuse to pay the assignee on the ground that the assignment was gratuitous[101]; he is liable to pay the debt in any event and his only interest is to see that all possible claimants are before the court, so that he does not run the risk of having to pay twice over. So long as this possibility of prejudice to the debtor is removed by the joinder of all appropriate parties, it is only the assignor who can raise an issue as to the validity of the assignment on the ground that no consideration was given for it; indeed the only purpose of taking the point

15–024

---

[95] *Jones v Farrell* (1857) 1 D. & J. 208; *Brice v Bannister* (1878) 3 Q.B.D. 569 (where the assignment was equitable: see *Durham Bros v Robertson* [1898] 1 Q.B. 765 at 774); *Ex p. Nichols* (1883) 22 Ch.D. 782 at 787. In view of these authorities it is hard to accept the suggestion in *Warner Bros Records Inc v Rollgreen Ltd* [1976] Q.B. 430 at 443, 445 that an equitable assignment (of a legal chose) gives the assignee rights only against the assignor but none against the debtor. This suggestion may be true of an agreement to assign a chose in action in the future; but any historical support which may once have existed for it in the case of an actual present assignment seems to have been made obsolete by the developments outlined at paras 15–006—15–008, above. The suggestion seems, with respect, to be based on failure to distinguish between the substantive rights arising in equity out of assignments and the procedure for their enforcement: see *Three Rivers DC v Bank of England* [1996] Q.B. 292 at 315 and [1996] Q.B. 292 at 312, describing the requirement of joinder of the assignor to the action as "procedural and not substantive".
[96] See above, para.15–013.
[97] *Deposit Protection Board v Dalia* [1994] 2 A.C. 367 at 386, 387, reversed on other grounds [1994] 2 A.C. 367 at 391.
[98] *Dearle v Hall*, (1828) 3 Russ. 1; cf. *Stocks v Dobson* (1853) 4 D.M. & G. 11; *Mutual Life Assurance Society v Langley* (1886) 32 Ch.D. 460; *Pfeiffer Weinkellerei–Weineinkauf GmbH & Co v Arbuthnot Factors* [1988] 1 W.L.R. 150. See also Goode 92 L.Q.R. 554–559; Donaldson 93 L.Q.R. 324; Goode 93 L.Q.R.487.
[99] Law of Property Act 1925, s.137(3).
[100] Megarry 59 L.Q.R. 58; Hollond 59 L.Q.R. 129; Hall [1959] C.L.J. 99; Sheridan 33 Can. Bar Rev. 284.
[101] *Walker v Bradford Old Bank* (1884) 12 Q.B.D. 511; the question of consideration may also be relevant for revenue purposes, but the question in cases of this kind is always whether the assignor could have denied the validity of the assignment, as against the assignee: e.g. *Re Rose* [1952] Ch. 499; *Letts v IRC* [1957] 1 W.L.R. 201. Nor is the assignor precluded from relying on want of consideration moving from the assignee by Contracts (Rights of Third Parties) Act 1999 since in the relations between assignor and assignee the latter will not be a "third party" within subs.1(1).